DECISION
Two cases alleging that appellant, Ernest Wayne Tukes, was a delinquent minor child were filed in the Franklin County Court of Common Pleas, Juvenile Division. Two other cases setting forth similar charges were brought against a co-defendant of appellant, Deeorman Saunders. The state moved for the juvenile court to relinquish jurisdiction of appellant's and Saunder's cases for purposes of criminal prosecution as adults pursuant to R.C. 2151.26(B). The juvenile court held a probable cause hearing on the state's motions and sustained the motions as to both appellant and Saunders. The court issued a separate entry for each of appellant's cases, case No. 98JU-11-12120 and case No. 98JU-11-12946, transferring the cases, pursuant to R.C.2151.26(B), to the general division of the common pleas court for criminal prosecution of appellant as an adult. Appellant subsequently pleaded guilty to two counts of aggravated robbery and was sentenced to serve two concurrent seven-year sentences.
Appellant appeals the order of the juvenile court transferring jurisdiction of his case No. 98JU-11-12946 to the criminal division of the Franklin County Court of Common Pleas. Appellant presents the following assignment of error:
 THE JUVENILE COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BY TRANSFERRING APPELLANT'S CASE NO. 98JU-11-12946 TO THE JURISDICTION OF THE CRIMINAL DIVISION OF THE FRANKLIN COUNTY COURT OF COMMON PLEAS, AS THERE WAS NO EVIDENCE TO ESTABLISH THE REQUISITE FINDINGS UNDER R.C. 2151.26(B)(4)(b).
The charges against appellant stem from two similar but separate incidents that occurred on October 28, 1998.
Case No. 98JU-11-12120 contains charges brought against appellant based on his involvement in the first incident. Damon Drumsta, the victim of the first incident, testified at the probable cause hearing. Around 7:45 p.m., on October 28, 1998, Drumsta was replacing the locks on his front door in the company of his toddler son; his wife and daughter were also home. A young man, whom Drumsta identified in court as appellant, came up to the door and asked to use his telephone. When Drumsta opened the door to give him the phone, appellant pointed a gun at his head, briefly pointed the gun at Drumsta's son, and told Drumsta to be quiet and sit down. Three others, two females and one male, then entered the house. While appellant held the gun on Drumsta and one girl stayed with Drumsta's wife and children, the remaining two ransacked the house. Before leaving, the suspects gathered the Drumstas in the living room where the second male pointed the gun at them, and one of the females threatened to return and shoot them if they called the police. Although both male suspects held a gun on Drumsta during the robbery, Drumsta only saw one gun and presumed that appellant handed the gun over to the second male at some point.
Case No. 98JU-11-12946 contains the charges brought against appellant based on his involvement in the second incident. Raymond Smock, the victim of the second incident, testified at the hearing that he was watching television with his daughter when a nicely dressed girl in her late teens knocked on his front door and asked to use his telephone. When Smock returned to the door with the telephone, three others walked up to the deck around the front door. Smock described the other three, two males and one female, as all about the same age as the first female. Smock made in-court identifications of appellant and Saunders as the two males. When Smock handed the first female the telephone, his dog got onto the porch; Smock nudged the dog back into the house and, when he looked up, the female with the phone was pointing a gun in his face. The female ordered Smock back into his house, Smock responded by wresting the gun from her and ordering her off his porch. The female stepped back, looked at appellant, and told him to shoot Smock with his gun; however, Smock did not see a second gun. Smock told appellant that would not be advisable, and all four ran off the porch.
At the end of the hearing, the juvenile court judge found probable cause to believe that appellant committed aggravated robbery and aggravated burglary as alleged in Counts 1 and 2 of the affidavit in case No. 98JU-11-12120, and aggravated robbery and robbery as alleged in Counts 1 and 2 of the affidavit in case No. 98JU-11-12946. The court stated that, once probable cause is found, "in an offense involving a firearm, and as [appellant] is 16 years of age or over, the Court doesn't have the discretion to retain jurisdiction in this case." (Tr. 78.)
In its entry relinquishing jurisdiction over case No. 98JU-11-12946, the court found that appellant was sixteen years old at the time of the conduct charged, that there was probable cause to believe that appellant committed aggravated robbery and robbery, that such acts were category two offenses as specified in R.C. 2151.26, and that appellant had a firearm on or about his person or under his control while committing the act charged and displayed the firearm to facilitate the commission of the act charged. Thus, the court ordered the matter transferred for criminal prosecution of appellant as an adult.
R.C. 2151.26 addresses relinquishment of jurisdiction by the juvenile court over a juvenile for criminal prosecution to an appropriate court. R.C. 2151.25(B) identifies circumstances when relinquishment of jurisdiction is mandatory. R.C. 2151.26(C) identifies circumstances when relinquishment is discretionary once the court has considered specified factors and made necessary determinations.
The juvenile court determined that relinquishment was mandatory under R.C. 2151.26(B). Pertinent to appellant's case is R.C. 2151.26(B)(4)(b). Under this provision, the juvenile court must relinquish jurisdiction if there is probable cause to believe the child committed the charged act, if the charged act is a category two offense (aggravated robbery and aggravated burglary are both category two offenses), the child was sixteen years old or older at the time of the charged offense, and "[t]he child is alleged to have had a firearm on or about the child's person orunder the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged." (Emphasis added.)
Appellant argues that the juvenile court erred when it found relinquishment of jurisdiction over case No. 98JU-11-12946 was mandatory because the evidence indicates that only a female participant, not appellant, possessed, used and brandished a firearm during the commission of the offense. Subsequent to the trial court's decision, the Ohio Supreme Court decided State v.Hanning (2000), 89 Ohio St.3d 86, syllabus, and held:
 1. The mandatory bindover provision of R.C. 2151.26(B)(4)(b) does not apply unless the child, himself or herself, had a firearm on or about the child's person or under the child's control while committing the act charged and the child displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.
 2. The complicity statute, R.C. 2923.03, does not apply to the juvenile bindover criteria set forth in R.C. 2151.26.
Thus, the trial court erred in concluding the bindover was mandatory. However, appellee argues that a juvenile court relinquishes jurisdiction over the person of the juvenile, not over individual complaints. Because appellant does not dispute the propriety of the court's decision transferring appellant's case No. 98JU-11-12120 to the common pleas court for criminal prosecution, appellee argues the common pleas court had jurisdiction over all offenses committed by appellant, including the alleged offenses set forth in case No. 98JU-11-12946.
Appellee relies on R.C. 2151.23(H) as support for its argument. R.C. 2151.23(H) provides:
 (H) If a child who is charged with an act that would be an offense if committed by an adult was fourteen years of age or older and under eighteen years of age at the time of the alleged act and if the case is transferred for criminal prosecution pursuant to section 2151.26 of the Revised Code, the juvenile court does not have jurisdiction to hear or determine the case subsequent to the transfer. The court to which the case is transferred for criminal prosecution pursuant to that section has jurisdiction subsequent to the transfer to hear and determine the case in the same manner as if the case originally had been commenced in that court, including, but not limited to, jurisdiction to accept a plea of guilty or another plea authorized by Criminal Rule 11 or another section of the Revised Code and jurisdiction to accept a verdict and to enter a judgment of conviction pursuant to the Rules of Criminal Procedure against the child for the commission of the offense that was the basis of the transfer of the case for criminal prosecution, whether the conviction is for the same degree or a lesser degree of the offense charged, for the commission of a lesser-included offense, or for the commission of another offense that is different from the offense charged.
The validity of appellee's position turns on whether the juvenile court's decision that relinquishing jurisdiction over appellant in case No. 98JU-11-12120 was mandatory, also mandated the transfer of any other cases pending against appellant in juvenile court to the common pleas court for prosecution of appellant as an adult. Contrary to the state's assertion, R.C.2151.23(H) is not dispositive of this issue because it does not address the consequences of the transfer of a case against a juvenile to common pleas court on any other separate still pending delinquency cases against the juvenile.
R.C. 2151.23(A)(1) provides that juvenile courts have exclusive original jurisdiction over any child alleged to be a delinquent. R.C. 2151.26 sets forth circumstances when the juvenile court must or may relinquish its original jurisdiction over a child, and specifically refers to transferring jurisdiction over a case, not over the child. Where the words used in a statute are clear and unambiguous, a court's only task is to give effect to the words used. Hanning, at 91.
This court finds that juvenile courts are only to relinquish jurisdiction over a juvenile on a case-by-case basis. Thus, the juvenile court was required to make separate decisions, based solely on the facts of the particular case, on the issue of whether relinquishment of jurisdiction was required under R.C.2151.26(B), and the record establishes that this is what the trial court did. In both entries, the court made separate findings that transfer was mandatory, it did not transfer case No. 98JU-11-12946 based on its order in case No. 98JU-11-12120.
The key issue thus becomes whether the trial court abused its discretion when it found, in case No. 98JU-11-12946, that appellant had a firearm on or about his person, or under his control, and that he displayed the firearm to facilitate the charged acts. The only evidence is that appellant and his accomplices had one gun between them. Although Drumsta testified that appellant and Saunders wielded a firearm during the incident at his home, he also testified that he only saw one gun. Smock did not see a firearm on or about appellant, or witness any act by appellant indicating that he also had a gun or had control over the gun wielded by the female. Consequently, there is no evidence that appellant had a gun during the incident at the Smock residence. Pursuant to Hanning, the trial court erred when it found that appellant had a firearm on or about his person, or under his control, in case No. 98JU-11-12946, and erred when it found that R.C. 2151.26(B) mandated transferring case No. 98JU-11-12946 for criminal prosecution.
For the above reasons, appellant's assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, transferring case No. 98JU-11-12946 is reversed and this cause is remanded for further proceedings consistent with this decision.
 __________________ BOWMAN, J.
KENNEDY and KLINE, JJ., concur.
 KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.